Mark S. Kaufman (MK 2006)
KAUFMAN & KAHN, LLP
747 Third Avenue, 32nd Floor
New York, NY  10017
(212) 293-5556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

DB STRUCTURED PRODUCTS, INC.,                  :

            Plaintiff,                          :      Case No.  07 Civ. 4119 (DLC)

   -- against --                                    :      **ANSWER**

LENDER LTD.,                                            :

            Defendant.                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

      Defendant Lender Ltd., by and through its attorneys Kaufman & Kahn, LLP, as and for its Answer to the Complaint, states as follows:

      1.     Declines to respond to Paragraph 1 of the Complaint, as it alleges legal conclusions to which no response is required.

      2.     Declines to respond to Paragraph 2 of the Complaint, as it alleges legal conclusions to which no response is required.

      3.     Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 3 of the Complaint.

      4.     Admits the allegations set forth in Paragraph 4 of the Complaint.

      5.     Admits the allegations set forth in Paragraph 5 of the Complaint.

6. Neither admits nor denies the allegations set forth in Paragraph 6 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

7. Neither admits nor denies the allegations set forth in Paragraph 7 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

8. Denies the allegations set forth in Paragraph 8 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

9. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 9 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

10. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 10 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

11. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 11 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

12. Denies each and every allegation set forth in Paragraph 12 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

13. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 13 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

14. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

15. Denies each and every allegation set forth in Paragraph 15 of the Complaint, except admits that it has not repurchased any of the loans that apparently are the subject of the Complaint.

16. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Complaint.

17. Denies each and every allegation set forth in Paragraph 17 of the Complaint.

18. Denies each and every allegation set forth in Paragraph 18 of the Complaint, except denies having knowledge or information sufficient to admit or deny the allegations regarding DBSP's maintenance requirements or securitization abilities.

19. Neither admits nor denies the allegations set forth in Paragraph 19 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

20. Neither admits nor denies the allegations set forth in Paragraph 20 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

21. Denies each and every allegation set forth in Paragraph 21 of the Complaint.

22. Neither admits nor denies the allegations set forth in Paragraph 22 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

23. Denies each and every allegation set forth in Paragraph 23 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

24. Denies each and every allegation set forth in Paragraph 24 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

25. Repeats and realleges paragraphs 1 through 24 of this Answer as if fully set forth herein.

26. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 26 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

27. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 27 of the Complaint.

28. Denies each and every allegation set forth in Paragraph 28 of the Complaint, except admits that it has not repurchased any of the loans that apparently are the subject of the Complaint.

29. Denies each and every allegation set forth in Paragraph 29 of the Complaint.

30. Repeats and realleges paragraphs 1 through 29 of this Answer as if fully set forth herein.

31. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 31 of the Complaint.

32. Denies each and every allegation set forth in Paragraph 32 of the Complaint.

33. Denies each and every allegation set forth in Paragraph 33 of the Complaint.

34. Repeats and realleges paragraphs 1 through 33 of this Answer as if fully set forth herein.

35. Denies each and every allegation set forth in Paragraph 35 of the Complaint, and refers the Court to the terms of the document referenced therein, to ascertain their meaning.

36. Denies each and every allegation set forth in Paragraph 36 of the Complaint.

37. Denies each and every allegation set forth in Paragraph 37 of the Complaint.

38. Repeats and realleges paragraphs 1 through 37 of this Answer as if fully set forth herein.

39. Declines to respond to Paragraph 39 of the Complaint, as it alleges legal conclusions to which no response is required.

40. Declines to respond to Paragraph 40 of the Complaint, as it alleges legal conclusions to which no response is required.

41. Denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. Denies having knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 42 of the Complaint.

43. Denies each and every allegation set forth in Paragraph 43 of the Complaint.

44. Denies each and every allegation set forth in Paragraph 44 of the Complaint.

45. Denies each and every allegation set forth in Paragraph 45 of the Complaint.

46. Denies each and every allegation set forth in Paragraph 46 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

47. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### (Breach of Contract)

48. Plaintiff DB Structured Products, Inc. ("DBSP") failed to comply with its material obligations pursuant to any agreement DBSP had with Lender.

49. As a result of DBSP's breach of contract, Lender is not obligated to repurchase the Loans.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### (Election of Remedies)

50. Upon information and belief, or its representatives have commenced foreclosure proceedings in connection with some or all of the loans that apparently are the subject of the Complaint (each, a "Loan").

51. Such conduct constitutes an election of remedies with respect to each of such Loans.

52. As a result of the foregoing, DBSP is barred from compelling defendant Lender Ltd. ("Lender") to repurchase any of such Loans.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

53. The foreclosure proceedings commenced by DBSP may impede Lender from enforcing the Loans.

54. DBSP's conduct has prejudiced Lender's ability to enforce the Loans, so that it would be inequitable to compel Lender to repurchase the Loans.

55. DBSP is estopped from recovery against Lender due to its own conduct and actions, including, but not limited to, conduct in violation of the covenant of good faith and fair dealing.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### (Laches)

56. The claims arising out of the subject matter, transactions and occurrences alleged in the Complaint are barred by the doctrine of laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

57.   DBSP's claims are barred pursuant to the doctrine of "unclean hands."

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

58.   By its own conduct and actions, DBSP has waived its right to any recovery against Lender.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE
### (Subject to Amendment)

59.   Lender hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery proceedings in the action and hereby reserves the right to amend its Answer and to assert any such further defense or claim by appropriate motion.

**WHEREFORE**, defendant Lender Ltd. respectfully requests that the Complaint be dismissed in its entirety with prejudice, and that Lender Ltd. be awarded the costs, disbursements and reasonable attorney's fees incurred in connection with defending against this action, and such other and further relief as deemed appropriate by the Court.

Dated:  New York, New York
        July 20, 2007

                                KAUFMAN & KAHN, LLP
                                Attorneys for Defendant

                                BY:   /Mark S. Kaufman/
                                      Mark S. Kaufman (MK 2006)
                                      747 Third Avenue, 32nd Floor
                                      New York, NY  10017
                                      (212) 293-5556