# EXHIBIT A

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

DB STRUCTURED PRODUCTS, INC.

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

LENDER LTD.

**07 CV 4119**

TO: (Name and address of defendant)

LENDER LTD.
7789 E. M-36
Whitmore Lake, MI 48189-9715

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

THACHER PROFFITT & WOOD LLP
Richard F. Hans (RH-0110)
John P. Doherty (JD-3275)

Two World Financial Center
New York, New York 10281
(212) 912-7400

an answer to the complaint which is herewith served upon you, within _____ TWENTY _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

⋯ 2 5 2007

CLERK _____ DATE _____

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐ Returned unexecuted: _____
_____
_____

☐ Other *(specify):* _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
         Date                Signature of Server

_____
Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



DB STRUCTURED PRODUCTS, INC.

                                        Plaintiff,

                    -against-

LENDER LTD.

                                        Defendant.

Civ. No.

MAY 2 5 2007

**COMPLAINT**

        Plaintiff DB Structured Products, Inc. ("DBSP" or "Plaintiff"), by its attorneys, Thacher

Proffitt & Wood LLP, for its complaint against defendant Lender Ltd. ("Defendant") (Plaintiff

and Defendant, collectively, the "Parties") alleges as follows:

### JURISDICTION AND VENUE

        1.      This Court has jurisdiction over all claims based on diversity of citizenship

pursuant to 28 U.S.C. § 1332(a).   The amount in controversy exceeds $75,000, exclusive of

interest and costs.

        2.      Venue is proper pursuant to 28 U.S.C. § 1391(a).

### THE PARTIES

        3.      Plaintiff DBSP is a corporation organized and existing under the laws of the State

of Delaware.  DBSP maintains its principal place of business at 60 Wall Street, New York, New

York.

        4.      Upon information and belief, Defendant is a corporation organized and existing

under the laws of the State of Michigan and maintains its principal place of business at 7789 E.

M-36, Whitmore Lake, MI.

## FACTUAL ALLEGATIONS

### The Seller Loan Purchase Purchase Agreement

5.     On or about March 10, 2006, DBSP and Defendant entered into a Seller Loan Purchase Agreement (the "Purchase Agreement").   A copy of the Purchase Agreement is attached hereto as Exhibit 1.  Exhibit 1 is hereby incorporated herein as if fully set forth.

6.     As set forth in Section 13 of the Purchase Agreement, the Parties agreed that the Purchase Agreement "shall be governed by, and construed and enforced in accordance with, the laws of the State of New York in effect at the time of execution hereof and applicable to agreements executed and performed in New York, without giving effect to conflict of laws principles thereof."

7.     As set forth in Section 13 of the Purchase Agreement, Defendant consented to DBSP bringing any action relating to the Purchase Agreement in the United States District Court for the Southern District of New York and consented to the jurisdiction of this Court.

### Defendant's Failure to Repurchase
### Loans With Early Payment Defaults From DBSP

8.     Pursuant to the Purchase Agreement, Defendant from time to time offered to sell and DBSP agreed to purchase certain mortgage loans ("Mortgage Loans") in accordance with the terms of the Purchase Agreement and the Deutsche Bank Correspondent Lending Seller Guide (the "Seller Guide").

9.     Pursuant to Section 9 of the Purchase Agreement and Volume 1 of the Seller Guide, Defendant agreed to repurchase any Mortgage Loan in early payment default, as described in the Purchase Agreement and the Seller Guide.

10.    Pursuant to the Purchase Agreement and the Seller Guide, DBSP may, in its sole discretion, determine that a Mortgage Loan is in early payment default and thus subject to the repurchase obligation.

11.    Certain of the Mortgage Loans experienced early payment or early delinquency defaults, as described in the Seller Guide (hereinafter, such Mortgage Loans shall be collectively referred to as "Early Payment Default Loans"). Attached as Exhibit 2 is a schedule of the Early Payment Default Loans, which is hereby incorporated herein as if fully set forth.

12.    Accordingly, pursuant to Section 9 of the Purchase Agreement and Volume 1 of the Seller Guide, Defendant is obligated to remit to DBSP the Repurchase Price (as defined in the Seller Guide) with respect to each Early Payment Default Loan.

13.    On April 26, 2007, DBSP issued a demand to Defendant to repurchase the Early Payment Default Loans on or before May 10, 2007 (the "Demand Letter"). Attached as Exhibit 3 is a copy of the Demand Letter, which is hereby incorporated herein as if fully set forth.

14.    In addition, prior to DBSP's issuance of the Demand Letter, DBSP also notified Defendant via one or more emails and/or other communications that certain Mortgage Loans, including the Early Payment Default Loans, were in early payment default status. In addition to the Demand Letter, these email notifications separately triggered Defendant's obligations to repurchase such Early Payment Default Loans, pursuant to the Purchase Agreement and the Seller Guide.

15.    To date, Defendant has failed to repurchase the Early Payment Default Loans, or otherwise compensate DBSP, notwithstanding its clear contractual obligation to do so.

16.    The aggregate Repurchase Price for the Early Payment Default Loans, excluding attorneys' fees and other costs and expenses, exceeds $1.99 million.

3

17.     DBSP has performed all of its obligations under the Purchase Agreement and the Seller Guide.

18.     As a result of Defendant's failure to repurchase the Early Payment Default Loans, DBSP is required to maintain possession and maintenance of the Early Payment Default Loans, and may be exposed to any claims or losses that might be sustained by reason of ownership of each such loan.   Moreover, because the Early Payment Default Loans are in default, DBSP is unable to include certain of the Early Payment Default Loans in securitizations or other packages, a specific purpose, known to Defendant, for which DBSP purchased the Early Payment Default Loans.   Accordingly, DBSP's harm is not solely monetary and cannot be adequately compensated by damages.

**Indemnification**

19.     Pursuant to Section 5 of the Purchase Agreement, Defendant agreed to indemnify, defend and forever hold harmless DBSP, from and against any and all liabilities, loss, injury or damages, judgments, claims, demands, actions or proceedings, together with all reasonable costs and expenses relating thereto (including but not limited to attorneys' fees) by whomever asserted, relating to Defendant's breach of a representation, warranty, covenant, agreement or obligation of Defendant under the Purchase Agreement.

20.     Pursuant to the Seller Guide, Defendant agreed to indemnify and hold harmless DBSP from all losses, damages, penalties, fines, forfeitures, court costs and attorneys' fees, judgments, and any other costs, fees and expenses resulting from any. breach of any warranty, obligation or representation under the Purchase Agreement.

21.     Defendant has breached the representations and warranties in Section 9 of the Purchase Agreement and in the Seller Guide that Defendant would repurchase the Early Payment Default Loans from DBSP.  As a result, Defendant owes DBSP indemnification for all liabilities,

4

loss, injury or damage, penalties, fines, forfeitures, judgments, damages, claims, demands, actions or proceedings, together with all reasonable costs and expenses relating thereto (including but not limited to attorneys' fees) that DBSP may sustain.

22.    Pursuant to the Purchase Agreement and the Seller Guide, Defendant agreed that it will indemnify DBSP and hold it harmless against all court costs, attorneys' fees and any other costs, fees and expenses incurred by DBSP in enforcing the Purchase Agreement.

23.    Defendant's indemnification obligations survive the Purchase Date, the termination of the Purchase Agreement and the disqualification or suspension of Defendant.

24.    Defendant's indemnification obligations expressly include the legal fees and related costs and any other costs, fees and expenses DBSP may sustain in connection with Defendant's failure to observe and perform its obligation to repurchase the Early Payment Default Loans, including but not limited to, the attorneys' fees and other expenses incurred by DBSP in this action.

### FIRST CLAIM FOR RELIEF
#### (Breach of Contract - Purchase Agreement)

25.    Plaintiff DBSP realleges paragraphs 1 through 24 of this complaint as if fully set forth herein.

26.    Under the Purchase Agreement and the Seller Guide, Defendant agreed to repurchase the Early Payment Default Loans from DBSP.

27.    DBSP has demanded that Defendant repurchase the Early Payment Default Loans.

28.    Defendant has refused and failed to repurchase the Early Payment Default Loans.

29.     As a direct, proximate and actual result of Defendant's breach of its obligation to repurchase the Early Payment Default Loans, DBSP has suffered damages in an amount to be determined at trial, but which is not less than $1.99 million as of April 19, 2007, plus interest.

### SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

30.     Plaintiff DBSP realleges paragraphs 1 through 29 of this complaint as if fully set forth herein.

31.     In consideration of the sale of the Early Payment Default Loans by Defendant to DBSP, Defendant received payment from DBSP.

32.     Defendant has wrongfully refused to repurchase the Early Payment Default Loans, causing DBSP to lose the use of those moneys due and owing, and requiring DBSP to incur attorneys' fees to recover these costs due under the Purchase Agreement and the Seller Guide.  It would be unjust and inequitable to allow Defendant to benefit in this manner.

33.     By reason of the foregoing, Defendant has been unjustly enriched at the expense of DBSP, and DBSP has suffered damages in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF
### (Indemnification for Legal Fees And Related Costs)

34.     Plaintiff DBSP realleges paragraphs 1 through 33 of this complaint as if fully set forth herein.

35.     Pursuant to Section 5 of the Purchase Agreement and the indemnification provisions in the Seller Guide, Defendant agreed to indemnify DBSP for any and all claims, losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments, and any other costs, fees and expenses that DBSP may sustain that are in any way related to Defendant's breach of Defendant's representations, warranties, covenants, agreements or obligations under the Purchase Agreement and the Seller Guide.

36.    Defendant has breached its representations and warranties and failed to observe its obligations, causing DBSP to suffer the damages for which Defendant owes indemnity.

37.    Defendant is therefore liable to DBSP for all of DBSP's legal fees and related costs, and all other costs, fees and expenses that DBSP has incurred, is incurring and will incur in connection with Defendant's failure to observe and perform its obligations to repurchase the Early Payment Default Loans.

## FOURTH CLAIM FOR RELIEF
### (Specific Performance)

38.    Plaintiff DBSP realleges paragraphs 1 through 37 of this complaint as if fully set forth herein.

39.    The Purchase Agreement is a valid, enforceable contract between Defendant and DBSP.

40.    Under the terms of the Purchase Agreement, DBSP and Defendant made several valid and enforceable mutual agreements.

41.    DBSP substantially performed its obligations under the Purchase Agreement by, *inter alia*, purchasing Mortgage Loans from Defendant pursuant to the terms and provisions of the Purchase Agreement and the Seller Guide.

42.    DBSP is willing and able to perform its obligations under the Purchase Agreement by, including, but not limited to, delivering repurchased loans to Defendant.

43.    Upon information and belief, Defendant is able to continue to perform under the Purchase Agreement by, including but not limited to, repurchasing the Early Payment Default Loans.

44.    DBSP has suffered harm resulting from Defendant's refusal to repurchase the Early Payment Default Loans for which there is no adequate remedy at law.

7

45.    DBSP has demanded, and is entitled to, specific performance of Defendant's repurchase obligations under the Purchase Agreement.

46.    As a result of the foregoing breaches, pursuant to the Purchase Agreement, Defendant is obligated to pay DBSP an amount to be determined at trial, but which is not less than $1.99 million as of April 19, 2007, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff DBSP respectfully requests judgment against Defendant awarding DBSP:

A.    Damages in an amount to be determined at trial but not less than $1.99 million;

B.    Specific performance of the Purchase Agreement;

C.    Attorneys' fees and related costs, and all other costs, fees and expenses that DBSP has incurred, is incurring and will incur in this action in connection with Defendant's failure to observe and perform its obligations under the Purchase Agreement and Seller Guide; and

D.    Such other and further relief as the Court may deem just and proper.

8

Dated: New York, New York
May 25, 2007

THACHER PROFFITT & WOOD LLP

By: _____
John P. Doherty (JD-3275)
Richard F. Hans (RH-0110)
Kerry Ford Cunningham (KF-1825)
Brendan E. Zahner (BZ-8645)
Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for DB Structured Products, Inc.*

9

MAR 14 2006 15:05 FR DDEUTSCHE BANK     212 797 4665 TO 917324607159     P.01
TO 917324607159     P.02

<h1>Seller Loan Purchase Agreement</h1>

THIS SELLER LOAN PURCHASE AGREEMENT ("Agreement") is made and entered into as of the 10 day of March 2006 by and between Lender Ltd., ("Seller"), a(n) Corporation duly organized under the laws of Michigan, having an address at 7789 E M-36, Whitmore Lake, MI 48189

and DB STRUCTURED PRODUCTS, INC. ("DBSP"), a corporation duly organized under the laws of the State of Delaware, the principal business address of which is 60 Wall Street, New York, New York 10005, for mutual consideration set forth herein.

RECITALS:

Seller engages in the business of making loans to individuals evidenced by promissory notes payable to Seller and secured by first or second mortgages on residential real property; and

Seller desires to sell to DBSP, and DBSP desires to purchase from Seller, from time to time, certain of these loans on the terms and conditions set forth here and in the Deutsche Bank Correspondent Lending Seller Guide, as amended supplemented or otherwise modified from time to time (the "Seller Guide").

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements herein referenced or contained in the Seller Guide, and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending to be legally bound thereby, agree as follows:

1. SELLER GUIDE. DBSP has provided to Seller the Seller Guide. SELLER ACKNOWLEDGES THAT IT HAS RECEIVED AND READ THE SELLER GUIDE PRIOR TO ENTERING INTO THIS AGREEMENT. Seller and DBSP agree to comply with and be bound by all terms of the Seller Guide. All of the terms and conditions of the Seller Guide are incorporated herein by reference and made a part of this Agreement.

2. DEFINITIONS. Capitalized terms in this Agreement not otherwise defined herein are defined in the Seller Guide.

3. PURCHASE AND SALE OF MORTGAGE LOANS. Seller may from time to time offer Loans for sale to DBSP and DBSP may, from time to time, in its absolute discretion, purchase such Loans from Seller, on the terms and conditions set forth in the Seller Guide, in the applicable Commitment, and in this Agreement.

4. REPRESENTATIONS AND WARRANTIES. Seller reaffirms that all of Seller's representations and warranties set forth in the Seller Guide, including without limitation those set forth in Volume 1 of the Seller Guide, are true and correct. Each of the Seller's representations and warranties: (a) applies to any and all Loans sold to DBSP; (b) shall be deemed to have been relied upon by DBSP regardless of any independent investigation now, heretofore, or hereafter made by DBSP, its officers, directors, employees or agents and regardless of any opportunity for such investigation or review; (c) is for the benefit of DBSP and each of its successors and assigns; (d) shall survive the termination of this Agreement and continue in full force and effect for so long as the Note remains outstanding and for such time as DBSP is subject to any risk of loss or liability as to any Loan purchased from Seller hereunder; and (e) is in addition to any other specific warranties contained elsewhere herein. Seller agrees that its representations and warranties and DBSP's rights to indemnification and to repurchase or payment of Loans purchased by DBSP hereunder notwithstanding that any Loan was originated by or through any third party originator, including, but not limited to, a mortgage broker or correspondent lender. Seller will not assert the fact that a Loan was originated by a third party originator as a defense to any claim or request by DBSP for indemnification or repurchase or payment of Loan.

5. INDEMNIFICATION. Seller hereby agrees that it will indemnify, defend and forever hold harmless DBSP, its affiliates and parent corporation and its successors and assigns, and each of its and their respective officers, directors, employees and agents, from and against any and all liabilities, loss, injury or damages, including but not limited to incidental and consequential damages, judgments, damages, claims, demands, actions or proceedings, together with all reasonable costs and expenses relating thereto (including, but not limited to legal and accounting fees and expenses), by whomsoever asserted, including but not limited to the claims of (a) the Borrower with respect to any Loan purchased hereunder; and (b) any person or persons who prosecute or defend any actions or proceedings as representatives of or on behalf of any class or interest group, or any governmental instrumentality, body, agency,

department or commission, or any administrative body or agency having jurisdiction pursuant to any applicable statute, rule, regulation, order or decree; or the settlement or compromise of any of the foregoing, arising out of, resulting from or relating to: (i) any breach of any one or more of the representations, warranties, covenants, agreements or other obligations of Seller, irrespective of the ownership of Loans prior to the sale of Loans to DBSP hereunder and including, without limitation, any loss arising from Seller's failure to properly and timely file and record all Security Instruments in all necessary jurisdictions; or (ii) any suit, claim, action, proceeding or investigation pending or threatened against DBSP or Seller or affecting any Loan asserting a claim based upon facts that, if proven, would constitute a breach of Seller's representations, warranties, covenants, agreements or obligations and regardless of whether the matter is ultimately successfully concluded.

6. TERMINATION. This Agreement may be terminated at any time by either DBSP or Seller by giving the other party hereto ninety (90) days prior written notice. In the event of Seller's breach of this Agreement, the Seller Guide or any other agreement between DBSP and Seller, or upon the occurrence of an Event of Seller Default as defined in Volume 1 of the Seller Guide, DBSP may immediately, upon notice to Seller via certified mail, terminate this Agreement. Upon the effective date of termination, neither of the parties shall have any further liabilities or obligations to the other party except that such termination shall not affect any liabilities and obligations of either party under Sections 5, 7 and 9 or which otherwise relate to Loans transferred by Seller to DBSP prior to the effective date of termination.

7. CONFIDENTIALITY. The parties shall observe the confidentiality requirements set forth in Volume 1 of the Seller Guide. Without limiting the foregoing sentence, Seller shall agree to use the Confidential Information solely for the purpose of the Agreement, will not use the Confidential Information for any other purpose, and will not disclose or communicate the Confidential Information in any manner whatsoever, directly or indirectly, to any third party without the prior written consent of DBSP.

8. RELATIONSHIP OF PARTIES. Seller is not and shall not represent to third parties that it is acting as an agent for or on behalf of DBSP. Seller at all times shall act as an independent contractor.

9. REPURCHASE Seller agrees to repurchase any Loan subject to this Agreement in accordance with the terms and conditions set forth in Volume 1 of the Seller Guide.

10. INTEGRATION. This Agreement, including the Seller Guide and all other documents incorporated by reference herein, constitute the full and integrated agreement of the parties herein with respect to the subject matter hereof and the transactions contemplated herein, and supersedes any and all prior negotiations, commitments, agreements, statements (whether oral or written) and writings made with respect thereto.

11. MODIFICATION. Except for automatic amendments resulting from revisions by DBSP to the Seller Guide, this Agreement may not be amended, varied or altered, nor its provisions waived, except by written agreement of the parties hereto.

12. ASSIGNMENT. DBSP has entered into this Agreement with Seller in reliance on the specific qualification of Seller; therefore, Seller may not assign or delegate this Agreement or any of its rights or obligations hereunder, whether by operation of law or otherwise, without prior written consent of DBSP.

13. GOVERNING LAW. This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York in effect at the time of execution hereof and applicable to agreements executed and performed in New York without giving effect to the conflict of laws principles thereof. Any suit, action, or proceeding against Seller with respect to this Agreement may be brought in a court of competent jurisdiction in the County of New York, New York or in the United States District Court for the Southern District of New York, as DBSP in its sole discretion may elect, and Seller

-1-

[TPW: NYLEGAL:202772.3] (7998-00177 02/26/2004 1:09 PM)

MAR 14 2006 15:05 FR DDEUTSCHE BANK    212 797 4665 TO 917324607159    P.02
TO 917324607159    P.03

consent to the jurisdiction of such courts for the purpose of any such suit, action, or proceeding.

14.  BINDING EFFECT.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and each of their respective successors and permitted assigns

15.  CHANGE OF CIRCUMSTANCES.  DBSP may refuse to purchase any Loan, notwithstanding that DBSP has issued a Commitment with respect to such Loan, if any regulatory agency having jurisdiction over DBSP has determined that such purchase would be unsafe or unsound.

16.  SEVERABILITY.  If any provision or part of this Agreement is deemed invalid or unenforceable under applicable law, the remainder of this Agreement shall not be effected thereby, and shall be fully enforceable to the extent of the valid portions thereof.

17.  WAIVERS.  All rights and remedies under this Agreement shall be cumulative and concurrent, and not in the alternative. No delay on the part of DBSP in exercising any right, power or remedy shall operate as a waiver thereof, nor shall any waiver of any right, power or remedy hereunder constitute a waiver of any other rights, powers or remedies hereunder. The acceptance by DBSP of any Loan which could have been rejected shall not constitute a waiver with respect to any other Loan, or with respect to any defect or default under that Loan which is not expressly waived in writing by DBSP.

18.  NOT A COMMITMENT.  Nothing contained herein shall be deemed or construed to be a commitment from DBSP to purchase any Loans from Seller, or a commitment from Seller to offer any Loans to DBSP.

19.  HEADINGS.  All article and section headings in this Agreement are inserted for convenience of reference only; they neither form a part of this Agreement nor are to be used in the construction or interpretation hereof

20.  NOTICES.  Except as otherwise provided herein, all notices, requests, demands or other communications which are to be given under this Agreement

shall be in writing, addressed to the appropriate party and sent via certified United States mail, return receipt requested, or by overnight delivery service to the address set forth in the introductory paragraph to this Agreement, unless another name or address is later substituted.

21.  WAIVER OF JURY TRIAL.  SELLER AND DBSP HEREBY AGREE TO WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS AGREEMENT. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING, WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. SELLER AND DBSP ACKNOWLEDGE THAT THIS WAIVER IS A MATERIAL INDUCEMENT FOR EACH SUCH PARTY TO ENTER INTO A BUSINESS RELATIONSHIP AND THAT SELLER AND DBSP HAVE ALREADY RELIED ON THE WAIVER IN THEIR RELATED FUTURE DEALINGS WITH EACH OTHER. SELLER AND DBSP FURTHER WARRANT AND REPRESENT THAT EACH HAS REVIEWED THIS WAIVER WITH ITS LEGAL COUNSEL, AND THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. THIS WAIVER IS IRREVOCABLE, MEANING THAT IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS TO THIS AGREEMENT. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Agreement as of the day and year first above written.

SELLER:

By: _____
Signature
Wm. R. Wickham, CHB
Typed Name
Chairman & CEO
Title

DB STRUCTURED PRODUCTS, INC.

By: _____
Signature
MARGOTH PILLA
Typed Name
MANAGING DIRECTOR
Title

By: _____
Signature
MICHAEL SCHOFFELEN
Typed Name
AUTHORIZED SIGNATORY
Title

-2-

MAR 14 2006 15:05 FR DDEUTSCHE BANK      212 797 4665 TO 917324607159     P.03
                                                      TO 917324607159     P.04

## Addendum to Seller Loan Purchase Agreement
## DB-ASAP

THIS ADDENDUM TO SELLER LOAN PURCHASE AGREEMENT ("Addendum") is made and entered as of the 10 day of ____ March, 2006 ___ by and between Lender Ltd. ("Seller"), with its principal place of business at _____ and DB Structured Products, Inc., a Delaware corporation, with its principal place of business at 60 Wall Street, New York, New York 10005 ("DBSP") and amends, supplements and is incorporated into that Seller Loan Purchase Agreement between DBSP and Seller dated as of March 3, 200_ g, and any amendments thereto ("Seller Agreement"). Seller has been approved by DBSP for access to the Software Services System as defined herein and this Addendum sets forth the terms, conditions and consideration pursuant to which Seller, will obtain such access.

Based On The Mutual Covenants contained herein, the parties agree to the following terms:

### Article I — General Agreement Terms

**1.01   Definitions.** Unless specifically defined in this Addendum, the capitalized terms shall have the same meanings as in the Seller Agreement.

"*Affiliate*" - With respect to any specified individual, corporation, limited liability company, partnership, joint venture, association, joint-stock company, trust, unincorporated organization or government or any agency or political subdivision thereof, any other entity controlling or controlled by or under common control with such specified entity. For the purposes of this definition, "control" when used with respect to any specified entity means the power to direct the management and policies of such entity, directly or indirectly, whether through the ownership of voting securities, by contract or otherwise, and the terms "controlling" and "controlled" have meanings correlative to the foregoing.

"*Borrower Information*" - All information related to Borrower provided or developed by Borrower, Seller or DBSP, regardless of whether DBSP's or Seller's relationship with the Borrower ceases, including any nonpublic personal information as defined by federal law, including, but not limited to, the Gramm-Leach-Bliley Act, as it may be amended. Any regulations promulgated thereunder and any other consumer information protected by applicable state law.

"*Confidential Information*" — All Systems Information and Loan Information. Confidential Information shall not include any information that: (a) enters the public domain other than as a result of disclosure by Seller; (b) with the exception of Borrower Information, is known by Seller at the time it is disclosed by DBSP, as shown by Seller's records; (c) with the exception of Borrower Information, is independently developed by Seller at anytime, as shown by Seller's records; or (d) is rightfully obtained by Seller from an independent third party who does not have an obligation of confidentiality to DBSP.

"*Loan*" — A mortgage-secured loan or line of credit to be funded by DBSP.

"*Loan Information*" - All written information provided by DBSP to Seller in connection with DBSP's loan programs, including policies, guidelines, credit criteria, business practices, plans or proposals, all information provided by DBSP to Seller regarding Borrower's transactions which are the subject of this Agreement and Borrower information.

"*Software*" — The proprietary, copyrighted software product for Loan origination, including, but not limited to, LeadTech 2000™ (LT2K™), and any subsequent, modifications, and upgrades thereto of a general nature provided to DBSP, whether in electronic or other format to which access is provided to Seller by DBSP under this Addendum for the sole purpose of submitting Loan applications to DBSP.

"*Software Services System*" - The computer software product for Loan origination, including, but not limited to, LeadTech 2000™ (LT2K™), and the hardware, including ABC Systems™ hardware, on which it operates and any enhancements, modifications, and upgrades thereto, including any product owned or licensed by any third party vendor which contracts with DBSP prior to and during the period services are being rendered by Seller to DBSP under the Seller Agreement.

"*Systems Information*" - Any and all information and materials regarding, relating to, or in connection with the Software, Software Services System and development, marketing, and production activities with respect thereto and all copies or information derived therefrom, including, but not limited to, the Systems Information of Arc System™. Systems Information includes, without limitation, trade secrets and know-how, and copyrighted, patented, trademarked or otherwise protected proprietary information, as applicable, including such information owned or licensed by any third party vendor which contracts with DBSP. Systems Information includes, without limitation, any one or more of the following and the information contained therein: computer program manuals and instruction (of every form and contained on any storage or communication media); computer software (of every form and contained on any storage or communication media); operation sequence information; software related drawings and flow diagrams; software and process specifications; materials specifications; performance specifications; test data; written or otherwise recorded technical assistance; any other data generally known to engineering and operations information; technical information; sales and promotion information; customer engineering; product design and technology including mathematical equations, physical explanations and computer program set up procedures; operations engineering design; operations planning and controlling; Internet or other interface with service provider or its service installation, initialization and start up running procedures; System design documents and drawings; business practices; financial data; maintenance and trouble shooting information; DBSP's lending criteria and loan terms resident on the Software; know-how, business plans; information marked "Confidential " by DBSP; service provider lists, and identification numbers and passwords, including, but not limited to, the master password.

**1.02    Entire Agreement.** This Addendum contains the final and entire agreement of the parties with respect to the subject matter thereof and all other agreements whether oral or written made with respect to the subject and the transactions contemplated by this Addendum shall have no force or effect. No amendments, supplements or waivers of any provision of this Addendum shall be valid unless by an instrument in writing, signed by authorized representatives of both parties. Except as expressly provided herein, the terms and provisions of the Seller Agreement shall remain in full force and effect. To the extent of any inconsistency between this Addendum and the Seller Agreement, this Addendum shall govern.

### Article II— Requirements for Seller's Access to the Software Services System

**2.01    Access to Software Services System; Training Fees.**
(a) DBSP has approved the Seller for access to the Software Services System Provided Seller is not in default of any material provisions, conditions or covenants contained in the Seller Agreement or this Addendum, DBSP hereby grants Seller access to the Software for the sole purpose of enabling Seller to submit applications and prequalification inquiries for Loans to DBSP and as governed by this Addendum. DBSP shall make available to Seller such training as is required to access the Software Services System and the Software at the then published training and computing rates, if any.

(b) Seller shall pay to DBSP fees for use of the Software Services System in accordance with DBSP's fee schedule in effect from time to time. In addition, Seller shall be required to pay the cost of any credit reports obtained from a consumer reporting agency in connection with Seller's use of the Software Services System. DBSP

-1-

[IPW: NYLEGAL:202001.3] 17788-00177 02/28/2004 1:08 PM

MAR. 14 2006 15:06 FR DDEUTSCHE BANK    212 797 4665 TO 917324607159    P.04
TO 917324607159    P.05

will invoice Seller for said fees and costs on a monthly basis. Payment will be due within thirty (30) days of each invoice date.

**2.02    Seller's Agreement.**

(a) Seller will access and use the Software Services System solely for the purpose of this Addendum and the Seller Agreement and will not use or permit the access or use of the Software Services System by any of its directors, officers, employees, affiliates, agents, advisors or representatives for any other purpose.

(b) Seller is authorized by Borrower to submit each Loan application and prequalification inquiry.

(c) No copies of screens, manuals, Software, passwords or any proprietary or Confidential Information shall be made available by Seller to any prospective affiliates or other third parties even under a signed confidential disclosure agreement for any reason without the express written permission of DBSP relative to that particular prospective affiliate or third party.

(d) Due to the extremely sensitive nature of Borrower Information provided by Seller, Seller shall verify all data inputted into the Software and shall be obligated to maintain the security of all Borrower Information. Seller is solely responsible for assuring security measures and confidentiality relating to the use of its terminals and the terminals of its affiliates and hereby assures the confidentiality of Borrower Information in accordance with the Gramm-Leach-Bliley Act, as it may be amended, and any regulations promulgated thereunder. Access to the Software Services System from the Seller's location shall be available only through the use of identification numbers and passwords, including the master password assigned and validated by DBSP prior to commencement of Seller's use of the Software Services System. Once such identification numbers, passwords and master password have been assigned by DBSP, the use and confidentiality of such numbers and passwords shall be the sole responsibility of Seller. DBSP may change the identification numbers, passwords and master password at any time, in its sole discretion. Seller can request a change to the identification numbers, passwords and master password provided that Seller's sole owner or a Partner, President or Vice President of Seller with appropriate authority requests such change in writing.

(e) Seller shall be responsible for inputting all data into the Software Services System and verifying the accuracy of all data and for verifying correct entry of data entered by Seller. In addition, Seller agrees to provide, at a reasonable time and in such format as may be reasonably requested by DBSP, all other data or information required by DBSP to enable the Software Systems to function for its intended purpose, including credit bureau subscriber member codes to set up direct credit report billing. DBSP shall not be responsible for errors in data, data entry or other services, programs, hardware, data files, or output provided to, or maintained for, Seller.

(f) Seller shall be responsible for the safety and condition of any terminal equipment provided by DBSP to Seller, and shall have full responsibility for establishing and maintaining the telephone communication lines and equipment necessary to transmit data between the Seller and the Software Services System. Seller shall be solely responsible for purchase or lease, installation, maintenance, and performance of its system which includes its software and equipment necessary to render, within reasonable business standards, data processing services specified in this Addendum to Seller via Internet access.

(g) Seller agrees that no appraisal of title company controlling, controlled by, or under common control with Seller shall be used in connection with the closing of any Loan.

**2.03    Proprietary Rights.** Seller acknowledges that it shall obtain no proprietary rights in the hardware, software, specifications, storage media, or documentation used or made available to Seller under this Addendum, whether those materials are developed or purchased specifically for performance of this Addendum or otherwise. Seller hereby assigns all intellectual property rights if any that may be developed by any third party vendor which contracts with DBSP or jointly by any third party vendor, DBSP and Seller in the course of performing this Addendum. Seller acknowledges that

those programs, specifications, and documentation are not the property of Seller and agrees to keep them confidential and not to disclose or divulge them to any third party. Seller agrees to keep any property supplied to Seller under this Addendum free and clear of all claims, liens, and encumbrances. The provisions of this paragraph shall survive the termination of the Agreement. In the event that Seller breaches or attempts to breach any of the provisions of this Section 2.03, the parties agree that this will cause irreparable damage to DBSP, and accordingly, Seller agrees that DBSP or its assignee shall be entitled as a matter of right to an injunction out of any court of competent jurisdiction restraining any breach or attempted breach of this Addendum. DBSP or its assignee shall have this right, in addition to any other remedies that may be available to it, to injunctive relief enjoining the breach or attempts to breach. For this purpose, it is expressly acknowledged by the parties that legal remedies alone are inadequate.

**2.04    Confidentiality.**

(a) All Confidential Information shall be held in the strictest confidence and will not be disclosed by the Seller or its directors, officers, employees, affiliates, agents, advisors or representatives (collectively, the "Representatives"), except as specifically permitted by the terms hereof. Seller and its Representatives will use the Confidential Information solely for the purpose of the Addendum, will not use the Confidential Information for any other purpose, and will not disclose or communicate the Confidential Information in any manner whatsoever, directly or indirectly, to any third party without the prior written consent of DBSP, unless disclosure is permitted under Section 2.04(c). Seller further agrees that the Confidential Information will be disclosed only to such of its Representatives who need to examine the Confidential Information for the purposes described in this Section 2.04. Seller shall in any event be responsible for any breach of this Agreement by any Representative.

(b) All Confidential Information shall remain the exclusive property of DBSP. Upon request by DBSP, Seller shall promptly surrender to then any of the Confidential Information in the Seller's possession, and shall surrender all Confidential Information to DBSP promptly and without request upon termination of the Agreement. Seller will not retain any copies of the Confidential Information, subject, however, to any requirement under applicable law that Seller retain copies of Borrower Information.

(c) Borrower Information shall be held in strictest confidence by Seller and used only for the purposes authorized by the Borrower's relationship with the Seller; provided, however that: (i) until DBSP has approved the Loan and the Borrower has accepted the offer of credit, Seller can disclose Borrower Information to third parties as permitted by Borrower; and (ii) Seller may disclose Borrower Information relating to a Loan if requested or required by Seller's regulatory authority.

**2.05    Assignment.** Seller may not assign, sublicense or delegate, whether by operation of law or otherwise, this Addendum and the rights and obligations thereunder, without prior written consent of DBSP which consent may be withheld in DBSP's sole and arbitrary discretion and subject to the requirement that Seller enter into a written contract that limits any such person's use and disclosure of the Confidential Information, including any Borrower Information, as defined in Section 1.01 of this Addendum. DBSP may assign its rights and benefits and delegate its duties and obligations to its Affiliates.

**2.06    Disclaimer of Warranty.** DBSP warrants that it is authorized to permit Seller to access the Software Services System and the Software, and that Seller's access to and use of the Software Services System will not infringe the copyright or intellectual property rights of any third party whose consent to such use has not been obtained by DBSP. THE FOREGOING WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. DBSP MAKES NO WARRANTY,

-2-

MAR 14 2006 15:07 FR DDEUTSCHE BANK     212 797 4665 TO 917324607159     P.05
MAR 14 2006 15:19 FR     TO 917324607159     P.06

EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, WITH RESPECT TO THE SOFTWARE SERVICES SYSTEM OR THE SOFTWARE. DBSP SHALL NOT BE OTHERWISE RESPONSIBLE (IN WHOLE OR IN PART) FOR LOST, DAMAGED, OR DESTROYED PROGRAMS, DATA, DATA FILES, BACK-UP DATA, STORAGE MEDIA OR OUTPUT, OR FOR ANY COSTS, EXPENSES OR DAMAGES INCURRED OR SUSTAINED IN THAT REGARD, INCLUDING WITHOUT LIMITATION BUSINESS INTERRUPTION, DAMAGES, EXCEPT FOR DBSP'S OBLIGATION TO INDEMNIFY SELLER UNDER SECTION 2.07(b), UNDER NO CIRCUMSTANCES SHALL DBSP BE LIABLE FOR ANY INDIRECT, INCIDENTAL, PUNITIVE, EXEMPLARY, SPECIAL, OR CONSEQUENTIAL DAMAGES OF ANY KIND WHATSOEVER SUSTAINED BY SELLER, OR FOR ANY CLAIM MADE AGAINST SELLER BY ANY OTHER PARTY EVEN IF DBSP HAS BEEN ADVISED OF THE CLAIM OR POTENTIAL CLAIM. THESE EXCLUSIONS SHALL APPLY REGARDLESS OF THE FORM OF ACTION, WHETHER IN COURT OR ARBITRATION, CONTRACT OR TORT, INCLUDING MISREPRESENTATION, NEGLIGENCE, AND GROSS NEGLIGENCE.

**2.07**   *Indemnification*

(a) Seller shall indemnify, defend and hold harmless DBSP, its Affiliates and parent corporation, and their respective directors, officers, agents, and employees, successors and/or assigns, from and against any and against all damage, loss, liability, cost, actions, causes of action, claims, demands or expense both direct and indirect (including without limitation reasonable legal and accounting fees and expenses actually incurred) by whomsoever asserted, including but not limited to the claims of any third party vendor which may arise or be incurred as a result of Seller's access to or use of the Software Services System, or any action or inaction by Seller under this Addendum, including, but not limited to, a breach of any covenant, condition, representation or warranty arising under this Addendum, except as such damage, loss, liability, cost, action, cause of action, claim, demand or expense is caused solely by the negligence or willful misconduct of DBSP.

(b) DBSP shall indemnify, defend and hold harmless Seller, its affiliates and parent corporation, and their respective directors, officers, agents, and employees, successors and/or assigns, from and against any and against all damage, loss, liability, cost, actions, causes of action, claims, demands or expense both direct and indirect (including without limitation reasonable legal and accounting fees and expenses) by whomsoever asserted, which may arise or be incurred as a result of a claim by a party that the Software Services System used within the scope of this Addendum infringes any copyright or intellectual property right of any third person, subject to the limitation of liability included in Section 2.06, and provided further that Seller notifies DBSP promptly of the claim, actual or threatened, and DBSP may participate fully at its expense in the defense of the claim.

**Article III – Termination of Addendum**

**3.01**   *Termination*

(a) Upon the occurrence of an "*Event of Default*" as defined in this Section, without prejudicing any right or remedy it may have against Seller or otherwise in the sole discretion of DBSP, DBSP may terminate this Addendum and Seller's permission to use the Software Services System effective on Seller's receipt of written notice of termination from DBSP to Seller.

(b) The occurrence of any of the following shall constitute an *Event of Default*: (i) Seller must fail or omit to perform or observe any obligation under this Addendum made by Seller, provided that if, in DBSP's judgment, the failure or omission is capable of being cured, the failure of omission shall not have been fully corrected within 30 days after the giving of written notice to Seller that it is to be remedied; or (ii) upon termination of the Seller Agreement.

**3.02**   *Survival*

The rights and obligations of the parties under this Addendum which by their nature survive the termination or completion of the Seller Agreement, including but not limited to the following, shall remain in full force: Entire Agreement, Seller's Access to the Software Services System; Proprietary Rights; Confidentiality; Assignment; Disclaimer of Warranty; and Indemnification.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Addendum as of the day and year first above written.

SELLER:

By: _____
Signature

Jim R. Wickham, CMB
Typed Name

Chairman & CEO
Title

DB STRUCTURED PRODUCTS, INC.

By: _____
Signature

**MARGOTH PILLA**
**MANAGING DIRECTOR**
Typed Name

_____
Title

By: _____
Signature

**MICHAEL SCHOFFELEN**
**AUTHORIZED SIGNATORY**
Typed Name

_____
Title

-3-

** TOTAL PAGE.06 **

** TOTAL PAGE.05 **

**Lender Ltd Purchase Detail**

| | |
|---|---|
| # of Loans | 8 |
| Unpaid Principal Balance at Price | 1,802,504.87 |
| Arrears | 1,878,464.29 / 3,546.55 |
| Accrued Interest | 110,310.82 |

| Seller | Loan Number | UPB as of 04/01/07 | Paid to Date | Cut Off Date | Gross Rate | Days | Accrued Int | Arrears | % Price | Price | Proceeds | Funding Date | Days |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LENDER LTD. | 1000010257 | 114343574 | 76,919.79 | 12/01/05 | 04/10/07 | 0.760% | 130 | 2,833.76 | - | 103.7171% | 79,809.05 | 91,471.81 | 07/25/05 | 20.03 |
| LENDER LTD. | 1000010047 | 114539777 | 16,977.70 | 12/01/05 | 04/10/07 | 13.500% | 130 | 982.10 | - | 91.0525% | 17,491.21 | 16,363.30 | 07/31/05 | 7.12 |
| LENDER LTD. | 1000014431 | 112737982 | 598,000.00 | 03/01/06 | 04/10/07 | 8.500% | 250 | 40,053.00 | 1,843.82 | 104.1195% | 612,095.25 | 654,667.27 | 08/08/06 | 183.17 |
| LENDER LTD. | 1000014440 | 112738412 | 147,000.00 | 09/01/06 | 04/10/07 | 11.375% | 250 | 11,953.56 | 0.34 | 100.0007% | 147,000.00 | 155,902.80 | 08/08/06 | 45.45 |
| LENDER LTD. | 1000015300 | 112329674 | 76,186.49 | 10/01/06 | 04/10/07 | 11.875% | 190 | 4,652.23 | 1,260.68 | 102.8125% | 72,131.70 | 77,990.80 | 08/29/06 | 23.14 |
| LENDER LTD. | 1000015504 | 112917972 | 477,252.36 | 10/01/06 | 04/10/07 | 10.375% | 190 | 24,412.78 | 414.57 | 100.0007% | 446,216.84 | 474,049.99 | 09/05/06 | 123.30 |
| LENDER LTD. | 1000015508 | 112917916 | 100,084.85 | 10/01/06 | 04/10/07 | 11.375% | 190 | 5,091.99 | 4.67 | 100.0007% | 100,084.85 | 103,049.55 | 09/05/06 | 33.30 |
| LENDER LTD. | 1000021150 | 115432031 | 374,728.98 | 11/01/06 | 04/10/07 | 10.375% | 150 | 10,050.40 | 4.57 | 104.8675% | 352,250.69 | 411,130.75 | 11/06/06 | 111.51 |
| | | | 1,802,504.87 | | | | | 110,310.82 | | | 362,250.69 | 1,960,352.73 | | |

**Deutsche Bank Wire Instructions:**

| | |
|---|---|
| Bank: | Bank of New York |
| ABA#: | 021-000-018 |
| Acct.#: | GLA 111090 |
| Beneficiary: | DPR |
| Attn: | Kenneth Glover |
| Ref: | Lender Ltd repurchase |



# Thacher Proffitt

Thacher Proffitt & Wood LLP
Two World Financial Center
New York, NY 10281
212.912.7400

Fax: 212.912.7751
www.tpw.com

April 26, 2007

BY FEDERAL EXPRESS AND CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Lender Ltd.
Attn: Greg Drury
7789 E. M-36
Whitmore Lake, MI  48189

> Re:  Seller Loan Purchase Agreement (the "Agreement") dated as of March 10,
> 2006, as amended, between DB Structured Products, Inc. and Lender Ltd.
> ("Lender")

Dear Mr. Drury:

Our firm has been retained as litigation counsel by DB Structured Products, Inc. ("DBSP") in connection with the Agreement. Capitalized terms used herein and not defined have the meanings set forth in the Agreement.

DBSP hereby demands immediate payment of the amount of $1,990,352.75 (the "Repurchase Price") which is due and owing to DBSP by Lender in connection with Lender's obligation to repurchase the mortgage loans listed on Exhibit A attached hereto (the "Mortgage Loans") pursuant to Section 9 of the Agreement and the Seller Guide.

Pursuant to the Agreement and the Seller Guide, Lender agreed to repurchase any loan if an Early Delinquency Repurchase (as defined in the Seller Guide) has occurred. An Early Delinquency Repurchase has occurred for each of the Mortgage Loans set forth on Exhibit A.

Please remit the Repurchase Price by wire transfer to the following bank account no later than May 10, 2007:

| | |
|---|---|
| BANK: | BANK OF NEW YORK |
| ABA: | 021000018 |
| ACCT #: | GLA/111569 |
| ACCT NAME: | DPX |
| ATTN: | Ken Glover |
| RE: | Lender Repurchase |

New York, NY      Washington, DC      White Plains, NY      Summit, NJ      México City, México

Page 2

If you fail to remit payment by that date, please be advised that DBSP will commence formal legal action against Lender to recover the amounts owed without further notice.

Nothing contained in this letter shall constitute a waiver of any of DBSP's rights or remedies under the Agreement, at law or in equity. Nor shall this letter be construed as a waiver of any Event of Default by Lender under the Agreement.

Please call me or Steven Paolini, Esq., Vice President and Counsel, Deutsche Bank AG, at (212) 250-0382 should you have any questions or wish to discuss this matter.

Very truly yours,

John P. Doherty

cc: Steven Paolini, Esq.

Encl.

2

| | 8 |
|---|---|
| # of Loans | |
| Unpaid Principal Balance at Pool | 1,909,394.67 |
| Accrued Interest | 1,578,464.26 |
| | 3,545,85? |
| | 110,516.63 |

| Loan Number | | UPB as of 03/31/07 | | Paid to 04/01/07 | Closing Date | Yield | Rate | Accrued Int. | Accrued Int. | Accrued Int. | Total Paid | Remaining | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LENDER LTD. | 1100010337 | 11343741 | $ | 76,812.79 | 12/01/06 | 04/19/07 | 9.750% | 159 | $ 2,833.79 | $ - | 100.7171% | $ 76,848.05 | $ 61,471.81 | 07/25/06 | $ 29.53 |
| LENDER LTD. | 1100010047 | 11343777 | $ | 19,677.70 | 12/01/06 | 04/19/07 | 13.500% | 159 | $ 932.10 | $ - | 99.9529% | $ 17,461.21 | $ 16,353.30 | 07/31/06 | $ 7.13 |
| LENDER LTD. | 1100014431 | 11273562 | $ | 696,000.00 | 05/01/06 | 04/19/07 | 9.500% | 258 | $ 40,033.00 | $ 1,848.62 | 104.2186% | $ 1,012,006.25 | $ 654,997.37 | 06/08/06 | $ 153.17 |
| LENDER LTD. | 1100014429 | 11273413 | $ | 147,000.00 | 06/01/06 | 04/19/07 | 11.376% | 258 | $ 11,926.50 | $ 0.34 | 100.000% | $ 147,000.00 | $ 159,762.00 | 06/08/06 | $ 48.45 |
| LENDER LTD. | 1100015340 | 11282074 | $ | 70,153.48 | 10/01/06 | 04/19/07 | 11.876% | 159 | $ 4,952.23 | $ 1,290.98 | 100.8132% | $ 72,151.79 | $ 77,995.65 | 06/29/06 | $ 22.14 |
| LENDER LTD. | 1100015908 | 11281712 | $ | 427,025.28 | 10/01/06 | 04/19/07 | 10.375% | 159 | $ 24,412.78 | $ 414.07 | 100.5000% | $ 449,215.54 | $ 474,045.99 | 09/05/06 | $ 123.30 |
| LENDER LTD. | 1100016999 | 11281816 | $ | 108,954.05 | 10/01/06 | 04/19/07 | 11.375% | 159 | $ 6,591.00 | $ 4.07 | 100.0000% | $ 108,054.85 | $ 113,051.51 | 06/05/06 | $ 33.30 |
| LENDER LTD. | 1100023129 | 11432031 | $ | 374,736.98 | 10/01/06 | 04/19/07 | 10.757% | 159 | $ 16,852.40 | $ 4.07 | 104.8475% | $ 392,235.66 | $ 411,130.75 | 11/09/06 | $ 111.91 |
| | | | | 1,900,394.67 | | | | | 113,318.82 | | | | $ 1,900,332.73 | | |

**Deutsche Bank Wire Instructions:**

| | |
|---|---|
| Bank: | Bank of New York |
| ABA#: | 021-000-018 |
| Acct.#: | GLA 111060 |
| Beneficiary: | DPI |
| Attn: | Kenneth Glover |
| Ref: | Lender Ltd repurchase |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DB STRUCTURED PRODUCTS, INC.

                              Plaintiff,

                -against-

LENDER LTD.

                              Defendant.

---

Civ. No.

## EXPLANATION OF RELATEDNESS

Pursuant to Rule 15 of the Rules for the Division of Business Among District Judges, this case is related to Case No. 07-4106 pending before District Judge Cote. This case is filed by the same plaintiff and asserts the same claims against a different, but similarly situated defendant, pursuant to the same or similar provisions of a nearly-identical contract. The subject matter of the cases – the defendant's obligation to repurchase mortgage loans purchased by plaintiff – is identical. Therefore, assigning this case as a related case to District Judge Cote will result in substantial judicial economy and saving of judicial resources.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          **07  CV     4119**

DB STRUCTURED PRODUCTS, INC.

                    Plaintiff,              Civ. No.

         -against-

LENDER LTD.                                          MAY 2 5 2007

                    Defendant.

## STATEMENT PURSUANT TO RULE 7.1
## OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned counsel of

record for Plaintiff DB Structured Products, Inc., states as follows:

Defendant DB Structured Products, Inc. is wholly owned by DB U.S. Financial Markets

Holding Corporation, a Delaware Corporation which is wholly owned by Taunus Corp., which is

wholly owned by Deutsche Bank AG, which is a publicly held corporation.

Dated: New York, New York
       May 25, 2007

                              THACHER PROFFITT & WOOD LLP

                              By: _John P. Doherty_
                                  John P. Doherty (JD-3275)
                                  Richard F. Hans (RH-0110)
                                  Kerry Ford Cunningham (KF-1825)
                                  Brendan E. Zahner (BZ-8645)
                                  Two World Financial Center
                                  New York, New York 10281
                                  (212) 912-7400

                                  *Attorneys    for    DB    Structured
                                  Products, Inc.*

JS 44C/SDNY
REV. 12/2005

CIVIL COVER SHEET    07 CV    4119

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

---

**PLAINTIFFS**

DB STRUCTURED PRODUCTS, INC.

**DEFENDANTS**

LENDER LTD.

---

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
THACHER PROFFITT & WOOD LLP, Two World Financial Center, New York, New York 10281 (212) 912-7400

**ATTORNEYS (IF KNOWN)**

MAY 2 5 2007

---

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Defendant breached its contractual obligation to repurchase defaulted mortgage loans from Plaintiff. This is a diversity action under 28 U.S.C. 1332.

---

Has this or a similar case been previously filed in SDNY at any time? No [X]    Yes? [ ]    Judge Previously Assigned

If yes, was this case Vol. [ ]    Invol. [ ]    Dismissed. No [X]    Yes [ ]    If yes, give date _____ & Case No. _____

---

*(PLACE AN [x] IN ONE BOX ONLY)*    NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL. VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/COMMODITIES/EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 448 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

---

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____    OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [X] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE Cote    DOCKET NUMBER 07-CV-4106

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

---

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | ORIGIN | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2a. Removed from State Court<br>☐ 2b. Removed from State Court AND at least one party is a pro se litigant | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☒ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x] 1  [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3  [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5  [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2  [x] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4  [ ] 4 | FOREIGN NATION | [ ] 6  [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

60 Wall Street
New York, New York 10005

New York County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

7789 E. M-36
Whitmore Lake, MI 48189-9715

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE May 25, 2007 RECEIPT # | SIGNATURE OF ATTORNEY OF RECORD *John P. Doherty* | ADMITTED TO PRACTICE IN THIS DISTRICT<br>[ ] NO<br>[x] YES (DATE ADMITTED Mo. 9/16 Yr. 1997 )<br>Attorney Bar Code # JD-3275 |
|---|---|---|

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Revised March 23, 2005

## INDIVIDUAL PRACTICES IN CIVIL CASES
## <u>DENISE COTE, UNITED STATES DISTRICT JUDGE</u>

<u>Chambers</u>                                    <u>Courtroom 11B</u>

United States District Court                    500 Pearl Street
Southern District of New York                   Gloria Rojas
500 Pearl Street, Room 1040                     Courtroom Deputy Clerk
New York, New York  10007                       (212) 805-0097
(212) 805-0202

     **Unless otherwise ordered by Judge Cote, these Individual Practices apply to all civil matters assigned to the Honorable Denise Cote except for civil <u>pro se</u> cases.**

1.     **Communications With Chambers**

     **A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Letters to chambers in an ECF case should not be electronically filed. Such letters should simply be mailed to chambers as they would be in a non-ECF case. Copies of correspondence between counsel shall not be sent to the Court.

     **B. Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at (212) 805-0202.

     **C. Faxes and Hand Deliveries.** Faxes to chambers are not permitted. Hand delivered mail should be left with the Court Security Officer at the Worth Street entrance of the Courthouse; it may not be brought to Chambers.

     **D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Courtroom Deputy Gloria Rojas at (212) 805-0097.

     **E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

1

2.    **Motions**

    **A. Pre-Motion Conferences in Civil Cases.** For discovery disputes, follow local Civil Rule 37.2. If a discovery dispute is raised with the Court by letter, the letter shall not exceed two pages. For motions other than discovery motions, pre-motion conferences are not required.

    **B. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

    **C. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

    **D. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

    **E. Courtesy Copies.** Two courtesy copies of all motion papers, marked as such, should be submitted for chambers **by the movant at the time the Reply is served.**

    **F. Preliminary Injunction Motions.** The Court generally follows the procedure for the conduct of non-jury trials described below.

    **G. Failure of the Court to Schedule Argument or Decide a Motion.** If a motion is not decided within 60 days of the time it is fully submitted or of argument, counsel for the movant shall send a letter to call this fact to the Court's attention.

3.    **Pretrial Procedures**

    **A. Joint Pretrial Orders.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

    i.  The full caption of the action.

    ii.  The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

    iii.  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

    iv.  A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi.  A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii.  Any stipulations or agreed statements of fact or law to which all parties have agreed.

viii. A list of all witnesses, with a brief summary of the substance of each witness's testimony and an indication whether such witnesses will testify in person or by deposition.

ix.  A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x.  A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B. Filings Prior to Trial.**  Each party shall file with the joint pretrial order:

i.  In jury cases, requests to charge and proposed voir dire questions;

ii. In all cases, motions addressing any evidentiary or other issues which should be resolved in limine;

iii. In any case where such party believes it would be useful, a pretrial memorandum; and

iv. In non-jury cases, Proposed Findings of Fact and Conclusions of Law.  The Proposed Findings of Fact should be detailed; there may be no opportunity for post-trial submissions.

**C. Additional submissions in Non-Jury Cases.**  At the time the joint pretrial order is filed, each party shall serve, but not file, the following:

i.  Affidavits constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the Court has agreed to hear direct testimony during the trial.  Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need appear at trial.  The original affidavit shall be marked as an exhibit at trial.

ii. All deposition excerpts which will be offered as substantive evidence, as well as a one page synopsis (with page references) of those excerpts for each deposition.

3

iii. All documentary exhibits.

**D. Filings in opposition.** Any party may file the following documents within one week of the filing of the pretrial order, but in no event less than two days before the scheduled trial date.

i. Objections to another party's requests to charge or proposed voir dire questions.

ii. Opposition to any motion in limine.

iii. Opposition to any legal argument in a pretrial memorandum.

**E. Courtesy Copies.** Two courtesy copies of the joint pretrial order and all documents filed or served with the pretrial order should be submitted to Chambers on the date of filing or service.

4.     **Conferences**

**A. Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

**B. Initial Case Management Conference.** The Court will generally schedule a Fed.R.Civ.P. 16(c) conference for a Friday within three months of the filing of the Complaint. The Notice of Initial Pretrial Conference will be mailed to plaintiff's counsel, who will be responsible for distributing copies to all parties. One courtesy copy of the pleadings should be delivered to Room 870, 500 Pearl Street prior to the conference date. Counsel are required to register in accordance with the Procedures for Electronic Case Filing before the initial pretrial conference. Counsel can access the web site www.nysd.uscourts.gov and click on CM/ECF Home Page for complete instructions on how to register.

5.     **Default Judgments.** A party who wishes to obtain a default judgment must proceed by way of an order to show cause and use the procedure set forth in Attachment A.

6.     **Trial Practice.** Trials will generally be conducted Monday through Thursday from 9:00 a.m. to 5:00 p.m., with lunch from 12:45 p.m. to 2 p.m.

7.     **Bankruptcy Appeals.** Briefs must be submitted in accordance with Bankr. Rule 8009, 11 U.S.C. Counsel may extend these dates by stipulation submitted to the Court no later than two business days before the brief is due.

8.     **Notice Regarding Access to Court Filings.** Opinions in ECF cases are sent to the parties via e-mail. With limited exceptions, in non-ECF cases Opinions will be posted on CourtWeb. To access CourtWeb, go to www.nysd.uscourts.gov and click **CourtWeb On-Line Rulings.** Parties will be notified when an Opinion is posted. You can also sign up for the **CourtWeb Watch List,** which will alert you to any new postings regarding a particular case.

4

**ATTACHMENT A**

## DEFAULT JUDGMENT PROCEDURE

1.  Prepare an Order to Show Cause for default judgment and make the Order returnable before Judge Cote in Courtroom 11B. Leave blank the date and time of the conference. Judge Cote will set the date and time when she signs the Order.

2.  Attach the following papers to the Order to Show Cause:

    a.  an attorney's affidavit setting forth:

        i)    why a default judgment is appropriate, including a description of the method and date of service of the original summons and complaint;

        ii)   whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

        iii)  the proposed damages and the basis for each element of damages including interest, attorney's fees, and costs; and

        iv)   legal authority for why an inquest would be unnecessary.

    b.  a proposed default judgment.

    c.  copies of all of the pleadings.

    d.  a copy of the affidavit of service of the original summons and complaint.

    e.  if failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed.

3.  Take the Order to Show Cause with the attachments to the Clerk at the Cashier's window on the 1st Floor, 500 Pearl Street, for approval.

4.  After the Clerk approves the Order to Show Cause, bring the papers to Chambers 1040, 500 Pearl Street, for the Judge's signature.

5.  After the Judge signs the Order, make two conforming copies of the Order and the attachments. Leave one copy with the Judge, and serve one copy on the defendant.

6.  Prior to the return date, file the original Order to Show Cause in the Clerk's office, Records Management Office, Room 270, together with an affidavit of service on the defendant of a conformed copy of the Order.

7.  Prior to the return date, take the proposed judgment, separately backed, to the Clerk in Room 120, 500 Pearl Street, and get the Clerk's approval. The proposed judgment, including all damage and interest calculations, must be approved by the Clerk prior to the conference and then brought to the conference for the Judge's signature.

Revised: September 28, 2006

### INDIVIDUAL RULES OF PRACTICE OF
### JUDGE KEVIN NATHANIEL FOX

Unless otherwise ordered by Judge Kevin Nathaniel Fox, matters before Judge Fox shall be conducted in accordance with the following practices. These practices are applicable to matters before Judge Fox if the matter is within the scope of the District Judge's Order of Reference or if the case is before Judge Fox pursuant to the parties' consent under 28 U.S.C. § 636(c). Otherwise, the practices of the District Judge to whom the case is assigned apply.

**1. Communications With Chambers**

**A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court.

**B. Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at (212) 805-6705.

**C. Faxes.** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 10 pages may be faxed without prior authorization. Do not follow with hard copy. The fax number is (212) 805-6712.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Suzanne Harrington-Steppen at (212) 805-6710 between 9:30A.M. and 5:00P.M.

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates,

a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

2. **Motions**

    **A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, pre-motion conferences are not required.

    **B. Courtesy Copies.** Courtesy copies of all motion papers, marked as such, should be submitted for chambers.

    **C. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

    **D. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

    **E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

3. **Pretrial Procedures**

    **A. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

        i. The full caption of the action.

        ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

        iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes

2

relied on and relevant facts as to citizenship and jurisdictional amount.

iv.  A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi.  A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii.  Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

viii.  A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

ix.  A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x.  A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B.  Filings Prior to Trial in Civil Cases**.  Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

i.  In jury cases, requests to charge and proposed voir dire questions.  When feasible, proposed jury charges should also be submitted on a 3.5" diskette in WordPerfect version 5.1 or higher format;

ii.   In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

iii.  In all cases, motions addressing any evidentiary or other issues which should be resolved <u>in limine</u>;

iv.   In any case where such party believes it would be useful, a pretrial memorandum; and

v.    In all cases, copies of each party's pre-marked trial exhibits.

4

United States District Court
Southern District of New York

# Procedures for Electronic Case Filing

March 6, 2003

# Procedures for Electronic Case Filing

**Procedures for Electronic Case Filing**

 The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the following procedures.

## 1. Scope of Electronic Filing

 (a) The Court will designate which cases will be assigned to the Electronic Filing System. Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically. A paper may be filed electronically (i) from a remote location, (ii) by bringing it to the Clerk's office during regular business hours, in a form or electronic format prescribed by the Clerk, for input into the System, or (iii) where permitted by the Court, by bringing the paper to the Clerk's office during regular business hours to be scanned into the System.

 (b) Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in criminal cases that are initiated by the filing of an indictment or information. Electronic filing procedures shall not apply to applications for arrest, search or electronic surveillance warrants; for other orders in aid of or ancillary to a criminal investigation; or to proceedings relating to the grand jury.

 (c) Electronic filing procedures shall not apply to Social Security Cases.

 (d) The filing and service of the initial papers in a civil case, including the complaint, the issuance of the summons and the proof of service of the summons and complaint, as well as service of non-party subpoenas, will be accomplished in the traditional manner on paper in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing service, rather than electronically. In a criminal case, the indictment or information, including any superseders, shall also be filed and given to the defendant in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically; in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules. In a case assigned to the Electronic Filing System after it has been opened, parties must promptly provide the Clerk with electronic copies of all documents previously provided in paper form. All subsequent documents must be filed electronically except as provided in these procedures or as ordered by the Court.

## 2. Eligibility, Registration, Passwords

 (a) Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's Electronic Filing System. Unless excused by the Court, attorneys not already Filing Users appearing in cases assigned to the Electronic Filing System must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and

a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

(b)  If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

(c)  Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

(d)  In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (i) each attorney identified on the Civil Cover Sheet, as well as (ii) each additional attorney who subsequently appears in the action and files a Request for Electronic Notification (which may be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a Notice of Appearance on behalf of a defendant. Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

(e)  An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

## 3.  Consequences of Electronic Filing

(a)  Except as otherwise provided in Procedure 4 herein, electronic filing of a document in the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

(b)  When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in Procedure 4 below), and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Procedure 1, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

(c) Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

(d) Individual judges' practices should continue to be followed with respect to delivery of courtesy copies.

## 4. Entry of Court Orders

(a) All orders, decrees, judgments, and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55. Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk of the Court. In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.

(b) A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form as the Court requires, if any.

## 5. Attachments and Exhibits

Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless the Court permits paper filing. A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document. Responding parties may file timely additional excerpts that they believe are relevant or the complete document. A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned. In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.

## 6. Sealed Documents

Documents ordered to be placed under seal may not be filed electronically unless specifically authorized by the Court. A motion to file documents under seal should be filed electronically unless prohibited by law; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law. A paper copy of the order must be attached to the documents under seal and be delivered to the Clerk.

## 7. Retention Requirements

Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in

paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

## 8. Signatures

(a) The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and (except in criminal cases) the attorney number, all in compliance with Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

(b) No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

(c) A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

(d) Documents requiring signatures of more than one party must be electronically filed either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (4) in any other manner approved by the Court.

## 9. Service of Documents by Electronic Means

Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case. It remains the duty of the attorney for a party to review regularly the docket sheet of the case. Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

## 10. Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in a proceeding assigned to the Electronic Filing System, the Clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Crim.P. 49(c) and Fed.R.Civ.P. 77(d). **It remains the duty of the attorney for a party to review regularly the docket sheet of the case.** The Clerk must give notice in paper form to a person who is not a Filing User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.

## 11. Technical Failures

A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court.

## 12. Public Access

A person may review at the Clerk's office filings that have not been sealed by the Court. A person also may access the Electronic Filing System at the Court's Internet site www.nysd.uscourts.gov by obtaining a PACER log-in and password. A person who has PACER access may retrieve docket sheets in civil and criminal cases and documents in a civil case, but only counsel for the government and for a defendant may retrieve documents in a criminal case. Only a Filing User under Procedure 2 herein may file documents.

---

**Guidelines for Electronic Case Filing**

---

**Frequently Asked Questions about Electronic Case Filing**

Click on a frequently asked question to find an answer.

Show All Hide All

---

What is the web address for the SDNY ECF system?

> The new ECF system will be on the Internet at https://ecf.nysd.uscourts.gov

Should I use Netscape Navigator or Internet Explorer to use ECF?

> Only Netscape Navigator 4.6, 4.7, or Internet Explorer 5.5 have been certified for use with the ECF program. Other browsers have not been certified, and while they may work part of the time, they may also cause errors in the middle of filing.

Is there a limit to the size of a document that can be filed on ECF?

> Yes, 2.5 megabytes (approximately 50 pages). If your file is too large, the system will reject it. The solution is to separate an oversized file into 2 or more parts and docket it in a single event. Simply label each file 1, 2, 3, etc. In all cases assigned to the ECF system, no single document totaling more than 15 megabytes (even if separated into individual computer files) shall be electronically filed without prior permission of the Court.

Can I file documents that originate on paper and are then scanned to create a pdf file?

> Yes, but.....the ECF system will not accept any single document that is larger than 2.5 megabytes, or approximately 50 pages. Wherever possible, you should create pdf files directly from a word processing program. When you create a pdf file from a scanned paper document, the file size is significantly larger. This may prevent you from filing it as a single document on the ECF system and will also take up unnecessary computer memory on your own computer system. Besides, it's easier to create a pdf directly from a word processor.

Who can file documents on ECF?

> Only an attorney admitted to practice in SDNY, and registered to use the ECF system, or an "authorized agent" of the filing user, is permitted to file (ECF Procedures, 8b). A filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document. Be careful whom you allow to use your ECF log-in and password. Attorneys can register on-line to use ECF at http://www1.nysd.uscourts.gov/ecf_registration.php

Can an attorney admitted Pro Hac Vice file documents electronically?

> Yes. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register to be an ECF Filing User at http://www1.nysd.uscourts.gov/ecf_registration.php

Will I need a password to use ECF?

Yes, 2 passwords - one for the ECF system and one for PACER. To obtain an ECF password you must first register to be an ECF Filing User at http://www1.nysd.uscourts.gov/ecf_registration.php

To obtain a PACER password go to http://ecf.nysd.uscourts.gov If you already use dial up PACER service, then you don't need to change anything - your log-in and password will remain the same.

When a document is electronically filed, all ECF registered attorneys of record in that case will receive an email titled NOTICE OF ELECTRONIC FILING and a hypertext link to the document. That is your "one free look" at the document. If you need a second look or want to view other cases where you are not the attorney of record, you will be required to enter your PACER log-in and password.

Can I view both civil and criminal dockets over the Internet?

Civil dockets are available remotely over the Internet to anyone with a PACER account. Criminal dockets are available remotely over the Internet only to the attorney of record. As always, all civil and criminal dockets may be viewed on public access computers at the courthouse.

How can I sign up other attorneys in my firm to receive electronic notices in my case?

By adding them as an additional attorney of record. Every attorney of record will receive email notification of filings in his or her case. The ECF system will allow up to two attorneys of record to be entered in each case. Of course, each attorney must be a registered ECF filing user.

Must the caption of the document indicate it has been electronically filed?

Yes. (SDNY ECF Procedures, 8a).

How will I know if I have successfully filed a document electronically?

The filer will immediately receive a Notice of Electronic Filing, which should be saved and/or printed; it's your receipt. You will also see a list of who will be served electronically and who will not. It is the responsibility of the filing party to serve paper copies on any party that will not receive electronic notice.

What if I file the wrong document, or file in the wrong case?

In all cases assigned to the ECF system, if a document is electronically filed in error, the filer shall immediately notify the Clerk of Court in writing, and the Clerk shall seek further guidance from the Court.

How do I sign an electronically filed document?

The filing user's ECF log-in and password serve as his/her electronic signature. (ECF Procedures #8). The filing user should place an S/ in place of the signature. Signatures for all other persons must be scanned in order to capture the actual ink signature.

Will older cases be assigned to the ECF system?

No. Only those cases filed after the ECF system goes live are subject to electronic filing. Cases filed before the ECF

system goes live will not be converted to ECF cases. You will be able to view the docket sheets in older cases on-line, but not the documents.

Which cases will be ECF cases?

Civil and criminal cases filed after December 1, 2003, will be subject to electronic filing. Social Security cases, Habeas Corpus cases and Pro Se cases will not be assigned to the ECF system.

Which Judges will entertain ECF cases?

Eventually all the courts Judges and Magistrate-Judges will be able to entertain ECF cases. Groups of judges will be added to the ECF system over a 12 month period. Parties are directed to refer to each judge's individual rules (available on the court's website) to learn whether a particular case will be assigned to the ECF system.

How do I view a document in an ECF case?

Use an approved Internet web browser (see above) and go to https://ecf.nysd.uscourts.gov Click on Query, enter the case number, find the document, and click on the blue hyperlink next to that entry. An electronic copy of the complete document will then appear on your computer screen. If there is no blue hyperlink, then there is no electronic version of that document.

Does filing electronically affect the filing deadline?

No. Filing electronically does not change your obligation to comply with the Federal Rules and any applicable Local Rules. Filing must be completed before midnight local time in order to be considered timely filed that day (ECF Procedures 3c)(See also Judges Individual Rules).

How do I open an ECF case?

See Instructions for Filing an Electronic Case or Appeal

Must I serve a copy of the assigned Judge's Individual Rules with the complaint?

Yes. Copies of Judges' Individual Rules are available at the Clerk's Office and also on this Court's public website.

Must I file a paper Summons and Affidavit of Service for the Complaint?

Yes. For ECF cases, the Affidavit of Service with the original summons attached must be filed with the court in the traditional manner, on paper (ECF Procedures, 1d).

Must I file a paper Affidavit of Service for other documents in the case?

No. For all other electronically filed documents after the complaint, the Clerk will automatically transmit by email a Notice of Electronic Filing to each attorney of record that has registered to be an ECF Filing user. Transmission of

that Notice of Electronic filing shall constitute service (ECF Procedures, 9).

How do I serve my adversary who has not registered to be an ECF Filing User?

Upon completion of filing electronically, the filer will receive a receipt which should be printed and saved. The receipt will include a list of who will be served electronically and who will not. The ECF system does not relieve filers from their obligations under the Federal Rules of Civil and Criminal Procedure to serve paper copies on any party that will not receive electronic notice.

When filing a motion, should the supporting affidavit be attached or filed separately?

Electronically filed motions should be filed in the traditional manner. Supporting affidavits and exhibits that would normally be filed attached to the motion should also be filed attached to an electronic motion. Other affidavits and memoranda of law that would normally be filed separately from the motion should be filed separately from an electronic motion. Exhibits attached to a motion must comply with the Court's Procedures for Electronic Case Filing, section 5. Excerpted material must be clearly marked as such.

How should I submit exhibits not attached to a motion?

The Court's Procedures for Electronic Case Filing, section 5, requires that attachments andexhibits must be submitted in electronic form, unless the Court permits paper filing. Only relevant excerpts of exhibits, labeled as such, should be submitted. Remember, there are limits to the size of a computer file that may be submitted (see page 1). A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned.

How do I file a proposed order, judgment or stipulation?

Proposed orders, judgments and stipulations should not be submitted through the ECF system. Instead they should be sent by email to the Clerk.
Counsel are directed to follow the individual Judge's Rules regarding the submission of courtesy copies to chambers. Proposed orders should be submitted in word processing format (WordPerfect or Word) rather than as a pdf document. Stipulations should be submitted in pdf format. Stipulations must contain all required signatures (the last person to sign can email it to the clerk). Email the proposed order, judgment or stipulation to:
For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov
For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

How do I file an Order to Show Cause?

In all cases assigned to the ECF system, Orders to Show Cause seeking a stay shall be submitted in the traditional manner, in person before the Court.
Orders to Show Cause that do not seek a stay, shall be submitted by email (not filed on the ECF system) to the Clerk in word processing format (WordPerfect or Word) rather than as a pdf document. Email the proposed Order to Show Cause to:
For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov
For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

How do I file a default judgment?

Default judgments should not be submitted through the ECF system. Instead they should be sent by email to the Clerk, in word processing format (WordPerfect or Word) rather than as a pdf document. Email the default judgment documents to:
For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

How do I submit a letter?

In the traditional manner on paper. Do not submit letters through the ECF system. (See also each Judge's Individual Rules).

Will sealed documents be filed electronically?

No. Sealed documents will be filed in the traditional manner, in paper form.

How do I file a Notice of Appeal?

To file a Notice of Appeal you must file the Notice on paper at the courthouse, including a copy of the document being appealed, and pay any applicable fee. (See SDNY ECF Procedures, 1d). Then you must email (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the District Court case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:
For cases assigned to a Manhattan Judge: appeals@nysd.uscourts.gov
For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

Failure to email the pdf copy of the Notice of Appeal to the Clerk within 24 hours may result in a delay in adding the appeal to the Court's electronic docket.

Which is the "original" document, the paper or the ECF version?

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed (ECF Procedures 3b).

Must I keep paper originals of documents I electronically file?

Yes. See the official SDNY PROCEDURES FOR ELECTRONIC FILING, section 7 for details.

Should I continue to submit courtesy copies?

When an attorney leaves a firm, how do we change the attorney's ECF Registration information?

Send written notice to the Attorney Admissions Clerk, 500 Pearl Street, NY, NY 10007.

Will there be an ECF Help Desk?

Yes. An ECF telephone Help Desk will be available from 8:30 AM to 7:00 PM Monday through Friday at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914)390-4204. Or you can email your ECF questions to help_desk@nysd.uscourts.gov

How can I stay up to date with future ECF news and developments?

By registering to be a Point of Contact (POC) at http://www1.nysd.uscourts.gov/ecf_poc.php, you will receive periodic email messages concerning the ECF system. You don't need to be an attorney to be a POC.

How can I learn how to use ECF?

On this Court's website you will find a link to "ECF Training", an on-line introduction to ECF, as well as detailed training materials for beginners and advanced users.

500 Pearl Street, New York, New York 10007-1312 • 300 Quarropas Street, White Plains, New York 10601-4150

J. MICHAEL McMAHON
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV
June 7, 2004

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be **required** to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should <u>register now</u> (no fee required) on the CM/ECF page of the Court's website at **www.nysd.uscourts.gov** Please follow the instructions below.

**ECF Judges:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa ** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain ** |
| Berman ** | Chin ** | Hellerstein ** | Kram *** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote ** | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan * | Marrero ** | Pauley ** | Sprizzo *** | Judges * |
| Casey ** | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

\*   **ECF Wave 1 Judge**, assigning new cases filed on or after December 2, 2003 to the ECF system.
\*\*  **ECF Wave 2 Judge**, assigning new cases filed on or after March 1, 2004 to the ECF system.
\*\*\* **ECF Wave 3 Judge**, assigning new cases filed on or after June 7, 2004 to the ECF system.

**Important note on non-ECF cases:** Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation <u>will not be electronically filed</u> and should be filed on paper. Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)   Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)   *Important* - In addition to serving the initiating documents in the traditional manner, on paper, you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website):

   (a) The assigned Judge's Individual Rules
   (b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)
   (c) USDC/SDNY Procedures for Electronic Case Filing
   (d) USDC/SDNY Guidelines for Electronic Case Filing.

(3)   <u>Within 24 hours of the assignment of a case number</u>, you are required to <u>email</u> to the Clerk of Court the initiating documents <u>in Adobe Acrobat pdf format only</u>. Failure to do so within 24 hours will delay adding your case to the computerized ECF docket. Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits. The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption. Each document must be in a separate pdf file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint"). Send the email (do not file on the ECF system) to:

   (a) For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to

   **case_openings@nysd.uscourts.gov**

   (b) For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to

   **wpclerk@nysd.uscourts.gov**

USDC/SDNY Instructions for Filing an Electronic Case or Appeal                     Page 2 of 2

(4)    File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

    **(a)** electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
    **(b)** file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

(5)    All subsequent documents, including the Defendant's Answer, <u>must be filed electronically</u> on the ECF system at **ecf.nysd.uscourts.gov**. Electronic filing involves using your ECF password to docket the item directly into the ECF system. <u>Electronic filing is not the same as email to the Clerk.</u> Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

(6)    Appeals will be assigned to the ECF system only if the original case was also electronically filed. File the appeal in the traditional manner, on paper. Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format. Include any exhibits. Each document must be in a separate pdf file no larger than 2.5 megabytes. The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal"). Send the email (do not file on the ECF system) to:

    **(a)** For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

        **appeals@nysd.uscourts.gov**

    **(b)** For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

        **wpclerk@nysd.uscourts.gov**

(7)    Follow all the rules for Electronic Case Filing (available at <u>www.nysd.uscourts.gov</u>):

| | |
|---|---|
| **(a)** SDNY Procedures for Electronic Case Filing | **(d)** Local Rules of this Court, and |
| **(b)** SDNY Guidelines for Electronic Case Filing | **(e)** Federal Rules of Civil Procedure |
| **(c)** Individual Rules of the Assigned Judge | |

## ✓ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

✓    Click on the "<u>CM-ECF</u>" page for the official ECF filing rules, training information, computer requirements, and more.

✓    Attorneys should use the "<u>Attorney Registration</u>" page to register on-line for a SDNY ECF password (no fee). Your ECF password will be sent to you by email. You must have an ECF password from SDNY District Court to file documents electronically.

✓    Sign up now for a SDNY PACER account if you don't already have one. Call (800) 676-6856, or go to <u>http://pacer.psc.uscourts.gov</u>

✓    Electronically file documents in ECF cases over the Internet at **ecf.nysd.uscourts.gov**

✓    Don't have a computer or scanner? Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents. Call the ECF Help Desk for more information.

✓    The **ECF Help Desk** is available to answer your ECF questions from 8:30 AM to 7:00 PM at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914) 390-4204, and by email at **help_desk@nysd.uscourts.gov**

## WWW.NYSD.USCOURTS.GOV