018-7111/929354v2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DB STRUCTURED PRODUCTS, INC.,     :     07 Civ. 4119 (DC)
                                                                        ECF case
    Plaintiff,                                        :

    – against –                                    :

LENDER LTD.,                                       :     ANSWER TO
                                                                        THIRD-PARTY COMPLAINT
    Defendant/Third-Party Plaintiff,  :

    – against –                                    :

CML DIRECT, INC. d/b/a CREATIVE   :
MORTGAGE LENDING,
                                                                   :
    Third-Party Defendant.
------------------------------------------------------X

    Third-party defendant CML Direct, Inc. ("CML Direct") answers the third-party complaint as follows:

    1.    CML Direct lacks knowledge or information sufficient to form a belief as to the truth of paragraph 1 of the third-party complaint and refers to the records of this court for their contents.

Answering "Jurisdiction And Venue"

    2.    CML Direct lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 2 and 3 of the third-party complaint and refers questions of law to the court.

Answering "Parties"

3. CML Direct lacks knowledge or information sufficient to form a belief as to the truth of paragraph 4 of the third-party complaint.

4. CML Direct denies paragraph 5 of the third-party complaint and admits that it is a Michigan corporation and that it has an office at 26555 Evergreen Road, Suite 810, Southfield, Michigan.

Answering "Facts"

5. CML Direct lacks knowledge or information sufficient to form a belief as to the truth of paragraph 6 of the third-party complaint.

6. CML Direct denies paragraph 7 of the third-party complaint and refers to the IOC Agreement for its contents.

7. CML Direct denies paragraphs 8 through 10 of the third-party complaint.

8. CML Direct denies paragraphs 11 and 12 of the third-party complaint and refers to Exhibit B thereto for its contents.

9. CML Direct lacks knowledge or information sufficient to form a belief as to the truth of paragraph 12 of the third-party complaint .

10. CML Direct lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 13 and 14 of the third-party complaint.

11. CML Direct denies paragraph 15 of the third-party complaint and refers to Exhibit E thereto for its contents.

12. CML Direct lacks knowledge or information sufficient to form a belief as to the truth of paragraph 16 of the third-party complaint .

2

13. CML Direct denies paragraphs 17 and 18 of the third-party complaint.

### First Affirmative Defense

14. Exhibit B to the third-party complaint was signed neither by John Sanger nor by anyone authorized by John Sanger or by CML Direct to sign John Sanger's name.

15. Neither John Sanger nor anyone at CML Direct with authority to cause CML Direct to assume Lender Ltd.'s liability to plaintiff ever discussed or authorized that assumption of liability or discussed that assumption of liability with Lender Ltd.

16. The signature for CML Direct on Exhibit B is an unauthorized signature or it is a forgery.

### Second Affirmative Defense

17. The Assignment and Assumption agreement attached as Exhibit B to the third-party complaint was not intended to include, did not and does not include an undertaking by CML Direct to assume the obligations of Lender Ltd. to plaintiff.

18. Upon information and belief, the schedule of loans attached to the Assignment and Assumption agreement was inserted therein without the knowledge or approval of CML Direct.

19. The third-party claim is barred by fraud or fraud in the execution.

### Third Affirmative Defense

20. Assuming for the sake of argument that Lender Ltd. and CML Direct entered into an agreement in the form attached to the third-party complaint as Exhibit B,

nothing in that agreement provides that CML Direct assumed responsibility for Lender Ltd.'s obligations to plaintiff, including but not limited to Lender Ltd.'s obligation to repurchase from plaintiff loans which went into default within the first ninety days, nor did CML Direct intend to assume that obligation.

21. Neither CML Direct nor Lender Ltd. discussed or negotiated the potential liability of CML Direct to plaintiff under the loans listed on the schedule to Exhibit B.

### Fourth Affirmative Defense

22. CML Direct received no consideration for assuming Lender Ltd.'s obligations to plaintiff.

23. The third-party claim is barred by lack of consideration.

### Fifth Affirmative Defense

24. The third-party claim is barred by mistake.

### Sixth Affirmative Defense

25. The third-party claim is barred by the statute of frauds.

### Seventh Affirmative Defense

26. Upon information and belief, damages are overstated in that one or more of the loans alleged to be in default have been foreclosed, or have resumed payment, or payments made on behalf of the borrowers were sent to the wrong address or credited incorrectly.

### Eighth Affirmative Defense

27. The third-party claim is barred by unclean hands.

### Ninth Affirmative Defense

28. The court lacks personal jurisdiction over CML Direct.

### Tenth Affirmative Defense And Demand For Arbitration

29. Article VIII of the "Employment Terms And Conditions" of the IOC Agreement, at 11, states in relevant part:

> Any dispute arising between the parties regarding the terms of this IOC Agreement . . . shall be submitted for binding arbitration with the office of the American Arbitration Association serving the Metropolitan Detroit area. Any decision, judgment or ruling resulting from such arbitration may be submitted to and entered as a judgment in an appropriate Circuit Court in the State of Michigan.

30. Article IX of the same section of the same agreement provides in relevant part:

> Any dispute arising between the parties regarding the terms of this IOC Agreement . . . shall be submitted for binding arbitration with the office of the American Arbitration Association serving the Metropolitan Detroit area. Any decision, judgment or ruling resulting from such arbitration may be submitted to and entered as a judgment in an appropriate Circuit Court in the State of Michigan.

31. The claim in the third-party complaint is arbitrable under the foregoing arbitration clauses.

32. CML Direct demands that Lender Ltd. dismiss the third-party action and commence arbitration pursuant to the IOC Agreement.

<u>Eleventh Affirmative Defense</u>

33. Plaintiff and Lender Ltd. have failed to mitigate their damages.

Dated: New York, NY
October 12, 2007

LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York, NY 10271
212 964-6611
Attorneys for Third-Party Defendant
CML DIRECT, INC.

s/
Dennis M. Rothman (dr-0384)

To:

Mark S. Kaufman, Esq.
KAUFMAN & KAHN, LLP
747 Third Avenue, 32$^d$ Floor
New York, NY 10017
212 293-5556
Attorneys for Third-Party Plaintiff
LENDER LTD.

Richard F. Hans, Esq.
John P. Doherty, Esq.
THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, NY 10281
212 912-7400
Attorneys for Plaintiff
DB STRUCTURED PRODUCTS, INC.