018-7111/993059

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DB STRUCTURED PRODUCTS, INC.,              :         07 Civ. 4119 (DLC)(KNF)
                                                     ECF case
      Plaintiff,                          :

  – against –                                :

LENDER LTD.,                               :

      Defendant/Third-Party Plaintiff,    :

  – against –                                :

CML DIRECT, INC. d/b/a CREATIVE            :
MORTGAGE LENDING,
                                           :
      Third-Party Defendant.
--------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF
SUMMARY JUDGMENT DISMISSING THE THIRD-PARTY ACTION

CONTENTS

|  | Page |
|---|---|
| Authorities | ii |
| Preliminary Statement | 1 |
| The Facts | 1 |
| Point I |  |
| Lender Cannot Establish An Issue Of Material Fact Over Personal Jurisdiction | 4 |
| Point II |  |
| New York Law Does Not Support Personal Jurisdiction Over CML Direct Because It Has No Presence In New York | 5 |
| Point III |  |
| The Third-Party Complaint Should Be Dismissed Because It Does Not Arise Out Of A New York Transaction | 7 |
| Conclusion | 8 |

i

AUTHORITIES

   Page

Cases

Ball v. Metallurgie Hoboken-Overpelt, S.A.,
   902 F.2d 194 (2d Cir. 1990)     4

Beacon Enters., Inc. v. Menzies,
   715 F.2d 757 (2d Cir. 1983)     6

Data Comm., Inc. v. Dirmeyer,
   514 F. Supp. 26 (E.D.N.Y. 1981)     7

DiStefano v. Carozzi North America, Inc.,
   286 F.3d 81 (2d Cir. 2001)     4

Fontanetta v. Am. Bd. of Int'l Medicine,
   421 F.2d 355 (2d Cir. 1970)     7

Global View Ltd. Venture Capital v. Great Central Basin Exploration L.L.C.,
   288 F. Supp. 2d 482 (S.D.N.Y. 2003)     4

Indemnity Insurance Co. v. K-Line America, Inc.,
   2007 WL 1732435 (S.D.N.Y. 2007)     5-7

Jazini by Jazini v. Nissan Motor Co.,
   148 F.3d 181 (2d Cir. 1998)     4

Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,
   918 F.2d 1039     5

McGowan v. Smith,
   52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981)     5

Overseas Media, Inc. v. Skvortsov,
   407 F. Supp. 2d 563 (S.D.N.Y. 2006)     6

 Page

<u>Savin v. Ranier</u>,
    898 F.2d 304 (2d Cir. 1990)      5

<u>Statutes And Rules</u>

Fed. R. Civ. P. 56(b)      1

28 U.S.C. § 1367      4

N.Y. C.P.L.R. 301      5

N.Y. C.P.L.R. 302      5, 7

Preliminary Statement

Third-Party Defendant CML Direct, Inc. ("CML Direct") submits this memorandum of law in support of its motion pursuant to Rule 56(b) of the Federal Rules of Civil Procedure for summary judgment dismissing the third-party action for want of personal jurisdiction. The motion should be granted because CML Direct has no contact with New York to support personal jurisdiction here.

The Facts

Plaintiff DB Structured Products, Inc. ("DBSP") commenced this action against defendant Lender Ltd. in May 2007 based on diversity of citizenship. DBSP's claim was that it had purchased certain mortgages from defendant Lender Ltd. ("Lender"), and that some of the mortgagors had gone into "early payment default" on their mortgages. The early payment defaults triggered an Lender's obligation to repurchase the defaulted mortgages from DBSP, but Lender did not honor its obligation. Complaint, Exhibit B.[1]

Lender commenced its third-party action against CML Direct on August 20,

---

[1] We attach the complaint, the answer and third-party complaint, and the answer to the third party complaint as Exhibits B, C and D, without the exhibits attached to the answer and third-party complaint, except that we attach the assignment and assumption agreement dated January 16, 2007 between Lender and CML Direct, which is the basis of the third-party claim. The other exhibits do not bear on this motion.

2007, alleging that CML Direct had agreed in writing to be responsible for the early payment default repurchase obligation.  Answer and third-party complaint, Exhibit C.  CML Direct's answer, Exhibit D, denies the allegations of the third-party complaint and asserts as an affirmative defense want of personal jurisdiction, Exhibit D, ¶ 28 at 5.

By the time CML direct had been served, DBSP and Lender had entered into settlement negotiations. [2]  CML Direct did not move based on personal jurisdiction under Rule 12 because of the apparently strong prospect of settlement between the main parties at the time.

After strenuous efforts at settlement in January and February this year, it appears that the action will not settle, or that settlement is moribund for now.  The action has, meanwhile, moved into a phase of high and, consequently, expensive activity.  CML Direct moves now in the belief and the hope that if it prevails on the motion it will be spared the expense and effort of trial preparation and trial.  CML Direct may be sued in its home jurisdiction, in the Detroit, Michigan area, subject to whatever defenses CML Direct possesses.

CML Direct is a Michigan corporation having its office at 26555 Evergreen Rd., Suite 810, Southfield, Michigan 48076.  Declaration of John Sanger, co-CEO

---

[2] This action is one of seventeen similar actions filed by DBSP against different defendants on May 25, 2007, many of which have been progressing on the same track.

2

of CML Direct ("Sanger Dec."), ¶ 2, and State of Michigan Corporation Division entry, Exhibit A thereto.  CML Direct has no other office location.  Sanger Dec., ¶ 2.

CML Direct is licensed as a mortgage banker in Michigan, and is licensed to lend in Florida, Indiana, Michigan and South Carolina.  CML Direct has never been licensed to lend or do any business in any other states. CML Direct is not registered, and has never applied to be registered, with the New York Department of State or the New York Department of Banking.  Sanger Dec., ¶¶ 3-4.

CML Direct does no business in New York.  CML Direct has never done business in New York.  CML Direct does not lend in New York, and has never made loans in New York.  CML Direct derives no revenue from business done with customers in New York.  Sanger Dec., ¶¶ 5-6, 8.

CML Direct has no employees in New York.  CML Direct has never had employees in New York.  CML Direct does not have a New York telephone number or a New York telephone directory listing.  CML Direct neither owns nor leases real or personal property in New York.  Sanger Dec., ¶¶ 7, 9-10.

The agreement over which third-party plaintiff Lender Ltd. sues CML Direct, the Assignment and Assumption Agreement of January 16, 2007, was negotiated and signed in Michigan.  New York has no relationship whatever to that agreement, its negotiation or its execution.  Sanger Dec., ¶ 11.

3

Point I

## LENDER CANNOT ESTABLISH AN ISSUE OF MATERIAL FACT OVER PERSONAL JURISDICTION

It is the burden of the party averring personal jurisdiction, Lender in this instance, to prove it by a preponderance of the evidence. DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001). Lender cannot meet its burden. There is not a single fact event to suggest personal jurisdiction over CML Direct.

Lender fails even to allege facts to support personal jurisdiction in its third-party complaint, Exhibit C. The only statute Lender invokes in support of jurisdiction is 28 U.S.C. § 1367, which is a subject matter jurisdiction statute, not a personal jurisdiction statute. Third-party complaint, ¶ 2 at 2, Exhibit C. Even if there were allegations of fact in the third-party complaint to support jurisdiction – and there are none – conclusory allegations are insufficient to support jurisdiction. Jazini by Jazini v. Nissan Motor Co., 148 F.3d 181, 185 (2d Cir. 1998); Global View Ltd. Venture Capital v. Great Central Basin Exploration L.L.C., 288 F. Supp. 2d 482, 484 (S.D.N.Y. 2003). There must be facts sufficient that, if credited by the trier, would suffice to establish personal jurisdiction. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).

There are no such facts.

4

Point II

NEW YORK LAW DOES NOT SUPPORT PERSONAL
JURISDICTION OVER CML DIRECT BECAUSE IT
HAS NO PRESENCE IN NEW YORK

"In . . diversity cases, the law of the forum state – here, New York – determines whether the Court has personal jurisdiction over a party. . . . Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990)." Indemnity Insurance Co. v. K-Line America, Inc., 2007 WL 1732435, *3 (S.D.N.Y. 2007)("K-Line"). New York Law afford two different bases for personal jurisdiction: C.P.L.R. 301, general, personal jurisdiction, when one is "doing business" in New York, and C.P.L.R. 302, long arm jurisdiction.

General Personal Jurisdiction Under CPLR 301: "Doing Business"

CPLR 301 confers general personal jurisdiction over a foreign corporation if the corporation is "engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." K-Line, at *3, quoting Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (quoting, in turn, McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643 (1981).

> The foreign corporation must be present in New York "'not occasionally or casually, but with a fair measure of permanence and continuity.'" Id. (quoting Tauza v.. Susquehanna Coal Corp., 220 N.Y. 259, 267 (1917)).

5

K-Line, at *3.

None of the indicia of jurisdiction looked to by the New York are present. These are: (1) the existence of an office in New York; (2) the solicitation of business in New York; (3) the presence of bank accounts or other property in New York; and (4) the presence of employees or agents in New York. Solicitation of business alone will not justify a finding of corporate presence in New York with respect to a foreign manufacturer or purveyor of services. K-Line, at *3 (citing Landoil, 918 F.2d at 1043-44).

Under the "solicitation plus" test the New York courts use to assess jurisdiction, the court first determines whether a foreign corporation's solicitation in New York is substantial and continuous, and if it is, then the corporation is properly subject to general personal jurisdiction under Section 301 so long as the corporation also "engages in other activities of substance in the state." K-Line, at *3 (citing Overseas Media, Inc. v. Skvortsov, 407 F. Supp. 2d 563, 569 (S.D.N.Y. 2006) (in turn citing Landoil, 918 F.2d at 1044) and Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 763 (2d Cir. 1983) ("To sustain personal jurisdiction, New York courts require substantial solicitation that is carried on with a considerable measure of continuity.")).

CML Direct's solicitation of business in New York is not "substantial and continuous"; it is non-existent. CML Direct has never done business in New York.

CML Direct does not lend in New York, and has never made loans in New York. CML Direct derives no revenue from business done with customers in New York. Sanger Dec., ¶¶ 3-8. It is unnecessary to consider whether CML Direct engages in other activities in New York to inquire into the "-plus" part of the solicitation-plus test, because there is no solicitation at all.

Point III

THE THIRD-PARTY COMPLAINT SHOULD BE
DISMISSED BECAUSE IT DOES NOT ARISE OUT
OF A NEW YORK TRANSACTION

Long-Arm Jurisdiction Under CPLR 302

There is no colorable basis for long-arm jurisdiction over CML Direct under Section 302 of the CPLR because the underlying transaction did not take place in New York or have any effect in New York. C.P.L.R. 302(a); K-Line, at *3 n.3 (citing Fontanetta v. Am. Bd. of Int'l Medicine, 421 F.2d 355, 357 (2d Cir. 1970) ("[T]he defendant [must] 'transact' business in the state, [and] the cause of action must 'arise' from the business so transacted."); Data Comm., Inc. v. Dirmeyer, 514 F. Supp. 26, 30 (E.D.N.Y. 1981) ("[T]he movant must demonstrate a more direct injury within the State and a closer expectation of consequences within the State than an indirect financial loss.")).

7

Conclusion

In the absence of any basis for the assertion of long-arm jurisdiction over CML Direct, the third-party action should be dismissed.

Dated: New York, NY
   March 13, 2008

LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York, NY 10271
212 964-6611
Attorneys for Third-Party Defendant
CML DIRECT, INC..


/S/

_____
Dennis M. Rothman (dr-0384)

8